IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY STEWART, on behalf of himself and others similarly situated, | : <br> : <br> : <br> :   2:12-cv-04993-RB |
| Plaintiff, | : |
| v. | : <br> : |
| WORLD COMMUNICATIONS CHARTER SCHOOL, | : <br> : |
| Defendant. | : <br> : |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL**
**APPROVAL OF THE CLASS ACTION SETTLEMENT**

Plaintiff Gregory Stewart ("Plaintiff") hereby moves, pursuant to Federal

Rule of Civil Procedure 23(e), for final approval of the attached "Class Action

Settlement Agreement."  Court approval is warranted for the reasons described in

the accompanying brief.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant

this motion and enter the accompanying order.

Date:  April 24, 2013                    Respectfully submitted,


/s/ Mark J. Gottesfeld
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Ph:  (215) 884-2491
Fx:  (215) 884-2492
mgottesfeld@winebrakelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY STEWART, on behalf of himself
and others similarly situated,

                 Plaintiff,

       v.

WORLD COMMUNICATIONS CHARTER
SCHOOL,

                 Defendant.

:
:
:
:
:   2:12-cv-04993-RB
:
:
:
:
:
:
:

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement and Release (the "Agreement") is entered into by and
between Plaintiff Gregory Stewart ("Plaintiff") and Defendant World Communications Charter
School ("Defendant").

**WHEREAS**, on August 30, 2012, Plaintiff commenced the above-captioned lawsuit,
alleging that Defendant failed to pay him and similarly situated employees proper overtime
premium compensation in violation of the Fair Labor Standards Act ("FSLA") 29 U.S.C. §§ 201,
et seq., and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333, et seq.,
and asserted claims for unjust enrichment; and

**WHEREAS**, Plaintiff asserted collective and class action allegations in the Complaint;

**WHEREAS**, Defendant vigorously denies all material allegations made by Plaintiff and
denies that it engaged in any wrongdoing with respect to the subject matter of this lawsuit; and

**WHEREAS**, uncertainty exists as to Defendant's potential liability and the nature and
amount, if any, of damages owed to Plaintiff and the purported class; and

**WHEREAS**, Plaintiff and his lawyers have evaluated the merits of the underlying legal
claims and contentions, the available defenses, and this settlement as it impacts Plaintiff and the

purported class, and, after taking into account the foregoing, along with the risks and delays of litigation, Plaintiff and his lawyers believe that the settlement terms described herein are fair, reasonable, adequate, and equitable; and

**WHEREAS,** Defendant, while continuing to deny any liability or wrongdoing, desire to resolve this matter in order to avoid further litigation risks and delays and to avoid future expense, inconvenience, and interference with their ongoing educational operations; and

**WHEREAS,** this settlement reflects a compromise reached after arms-length bargaining and shall not be construed as an admission or concession by any party as to the truth or validity of any substantive or procedural allegation, claim, or defense asserted in this or any other action or proceeding; and

**WHEREAS,** this Agreement is subject to and conditioned upon final approval by the Court and the other conditions specified herein;

**NOW, THEREFORE,** it is hereby **STIPULATED** and **AGREED** by and between the undersigned Parties that the Action shall be settled, subject to the Court's approval, pursuant to the following terms and conditions:

1.     **Definitions.** The following terms shall have the following meanings:

"Agreement" means this Class Action Settlement Agreement, inclusive of all attachments and any document incorporated herein by reference.

"Class Counsel" means Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025.

"Class Members" means the individuals listed in the table attached as Exhibit A.

"Court" means the United States District Court for the Eastern District of Pennsylvania.

"Defendant" means World Communications Charter School and all its affiliated or related companies, as well as its respective agents, employees, successors, directors, trustees,

2

administrators, partners, assigns, and all of their past, present and future representatives and predecessors.

"Effective Date" means the later of: (i) the day after expiration of the time for appeal from the Court's order granting final approval of this Agreement or (ii) if a timely appeal from such order is instituted, the day after the final resolution of the appeal (including any requests for rehearing and/or petitions for writ of certiorari) and/or the expiration of any time period for any further appeal or judicial review, resulting in the final judicial approval of the Agreement.

"Fairness Hearing" means the hearing conducted by the Court in accordance with Federal Rule of Civil Procedure 23(e)(2).

"Notice Form" means the form informing Settlement Class Members of the Settlement and substantially in the form attached as Exhibit B.

"Participating Class Members" means all Class Members who do not exclude themselves from the settlement pursuant to the procedures described in the Notice Form.

"Parties" refers jointly to Plaintiff, all Participating Class Members, as defined herein, and Defendant, as defined herein.

"Payout Amount" means, for each Participating Class Member, the amount listed in the table attached as Exhibit A.

"Plaintiff" means Gregory Stewart.

"Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order described in paragraph 6.

**2.      Class Certification.** For purposes of this Agreement only, the Parties agree that the following Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the following class:

> All individuals employed by World Communications Charter
> School who, during any workweek since August 28, 2008 worked

3

in excess of 40 hours and did not receive overtime premium
compensation for such work hours.

The Class Members falling within this definition are identified in the table attached as Exhibit A.
If the Settlement is not approved, Defendant's stipulation to the certification of the above class
shall be null and void and may not be used or relied upon by Plaintiff, Class Counsel, or any
Class Member for any purpose whatsoever in this litigation or in any other judicial,
administrative or arbitral proceeding.

      **3.**      **Conditions Precedent.** The settlement of the Action and the settlement payments
described herein are conditioned upon: (i) the Court's entry of an Order granting final approval
of this Agreement and dismissing the Action with prejudice and (ii) passage of the Effective
Date.

      **4.**      **Total Settlement Amount.** The total amount paid by Defendant to settle the
Action pursuant to this Agreement shall consist of the following: (i) unpaid wages totaling a
maximum $27,252.25 and payable to Participating Class Members pursuant to the procedures
and limitations herein; (ii) an extra payment in the maximum amount of $1,000.00 payable to
Plaintiff Gregory Stewart pursuant to the procedures and limitations herein; and (iii) attorney's
fees and expenses in the maximum amount of $11,747.75 payable to Class Counsel pursuant to
the procedures and limitations herein. World Communications Charter School 's payment of
these monies constitutes World Communications Charter School 's **entire** potential monetary
contribution. All monies shall remain the property of World Communications Charter School
unless and until disbursed pursuant to this Agreement.

      **5.**      **Release.** In consideration of all payments made by World Communications
Charter School and any other relief described herein and upon passage of the Effective Date,
Participating Class Members and their respective agents, employees, successors, heirs, spouses,
administrators, executors, partners, assigns, and all of their past, present and future

4

representatives and predecessors, release and forever discharge Defendant, as defined herein, from any and all claims, causes of action, demands, rights, damages, requests for equitable relief, expenses, interest, penalties, and attorney's fees, costs, and expenses, from the beginning of time through and including the Effective Date, arising out of Defendant's alleged non-payment of overtime compensation for work performed for World Communications Charter School by any of the Participating Class Member while employed by World Communications Charter School , including, but not limited to all claims arising under the FLSA, the PMWA, and/or the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§260.1, et. seq., or from an unjust enrichment or quantum meruit claim.

**6.** **Preliminary Approval.** Within seven (7) days after the execution of this Agreement, Plaintiff shall petition the Court for entry of a "Preliminary Approval Order" certifying the settlement class, preliminarily approving the settlement, and authorizing distribution of the Notice Form to all Class Members.

**7.** **Class Notice.** Within two (2) business days after the Preliminary Approval Date, Defendant's Counsel shall provide Class Counsel with each Class Member's last known address, as reflected in Defendant's company records, and indicate whether or not each class member is currently employed by Defendant. Within seven (7) days of the Preliminary Approval Date, Class Counsel will mail the Notice Form to all Class Members. If the United States Postal Service returns any Notice Form to Class Counsel with a forwarding address, Class Counsel will re-mail the Notice Form to the forwarding address. If the United States Postal Service returns any Notice Forms to Class Counsel without a forwarding address, Class Counsel will make all good faith efforts to obtain updated addresses and promptly re-mail the forms to any updated address.

**8.** **Objections to the Settlement.** Class Members who object to the settlement must do so in writing. Written objections must be mailed to Class Counsel and Defendant's Counsel, pursuant to the instructions in the Notice Form and must be postmarked within forty-five (45) days of the Preliminary Approval Date. Class Counsel shall file with the Court all received objections no later than seven (7) days prior to the Fairness Hearing.

**9.** **Exclusion from the Settlement.** Class Members desiring to exclude themselves from the settlement must do so in writing. Written exclusions must be mailed to Class Counsel and Defendant's Counsel pursuant to the instructions in the Notice Form and must be postmarked within forty-five (45) days of the Preliminary Approval Date. Class Counsel shall file with the Court all received exclusions no later than seven (7) days prior to the Fairness Hearing. Class Members who do not timely exclude themselves from the settlement, shall be bound by all provisions of this Agreement, including the release of claims provision described in paragraph 5.

**10.** **Final Fairness Hearing.** The Court shall conduct a Final Fairness and Approval Hearing in accordance with Federal Rule of Civil Procedure 23(e)(2) at a time to be determined by the Court. The Parties shall request that the Court conduct this hearing approximately sixty (60) days after the Preliminary Approval Date.

**11.** **Payments to Participating Class Members.** Subject to the approval of the Court, each Participating Class Member shall receive his/her Payout Amount, as listed in the table attached as Exhibit A. Within seven (7) days after the Effective Date, Defendant shall deliver to Class Counsel payroll checks payable to each Participating Class Member. These payments shall not be reduced to cover those withholdings (such as, for example, worker's compensation insurance withholdings, unemployment insurance withholdings, or the employer's social security contributions) ordinarily borne by World Communications Charter School

6

pursuant to their normal payroll practices. Within fourteen (14) days after the Effective Date, Class Counsel will mail settlement checks to the Participating Class Members at the Participating Class Member's best known address, as determined during the notice process described in paragraph 7. If the United States Postal Service returns any check to Counsel with a forwarding address, Class Counsel will promptly re-mail the check to the forwarding address. If the United States Postal Service returns any check to Class Counsel without a forwarding address, Class Counsel will make all good faith efforts to obtain an updated address and promptly re-mail the check to any updated address. Any settlement check un-cashed after 90 days after the Effective Date, shall be forfeited by the Participating Class Member and shall remain the sole property of Defendant. At the end of the tax year, World Communications Charter School shall issue to each Participating Class Member who received a settlement check an IRS Form W-2 reflecting this payment. Each IRS Form W-2 shall be hand delivered or mailed directly to each Participating Class Member at his/her best known address.

**12.     Extra Payment to Plaintiff.** Subject to the Court's approval, and as set forth in Section 4(ii) of this Agreement, Defendant shall pay Plaintiff Gregory Stewart an additional payment of $1,000.00. The settlement of this Action is not contingent on the Court's approval of this extra payment, which is in addition to Plaintiff's individual Payout Amount. Moreover, this extra payment, if approved by the Court, shall be made in the form of a non-payroll check and shall be delivered to Class Counsel within seven (7) days after the Effective Date. At the end of the tax year, Defendant shall issue to Plaintiff an IRS Form 1099 reflecting this payment. The IRS 1099 Form shall be mailed directly to Plaintiff at the following address: Gregory Stewart, 2767 North Croskey Street, Philadelphia, PA 19132.

**13.     Payment to Class Counsel.** Subject to Court approval, Defendant shall pay Class Counsel Eleven Thousand Seven Hundred Forty Seven Dollars and Seventy-Five Cents

7

($11,747.75) in attorneys' fees, costs and expenses. The settlement of this Action is not contingent on the Court's approval of this payment, which is in addition to the amounts paid to Participating Class Members and to Plaintiff pursuant to paragraphs 11-12. Moreover, this payment, if approved by the Court, shall be made in the form of a non-payroll check, which will be delivered to Class Counsel within seven (7) days after the Effective Date and following the receipt of a completed and signed W-9 Form from Class Counsel. At the end of the tax year, Defendant shall issue to Class Counsel IRS Form 1099 reflecting this payment. The IRS 1099 Form shall be mailed directly to Class Counsel at 715 Twining Road, Suite 211, Dresher, PA 19025.

**14.** **Dismissal with Prejudice.** Upon final approval of this Agreement by the Court, the Action shall be dismissed with prejudice in its entirety. The Court will have continuing jurisdiction to enforce the terms of this Agreement.

**15.** **Publicity/Media.** Plaintiff and Class Counsel agree that they will not issue or caused to be issued, to the media or any member thereof, including but not limited to print, electronic, Internet and other outlets, any statement or press release in connection with this Action and/or this Agreement.

**16.** **No Representations.** This Agreement controls over prior communications regarding the matters contained herein between the signatories hereto or their representatives. Except as expressly stated in this Agreement, none of the Parties hereto have made any statement or representation to any other Party regarding any fact relied upon by any other Party in entering into this Agreement, and each Party specifically does not rely upon any statement, representation or promise of any other Party in executing this Agreement.

**17.** **Consent.** This Agreement has been carefully read by all Parties and the contents hereof are known and understood by all Parties. The Parties have each received independent

8

legal advice from attorneys of their choice with respect to the preparation, review and advisability of executing this Agreement. Prior to the execution of this Agreement by each Party, each Party's attorney has reviewed the Agreement and each Party acknowledges that such Party has executed the Agreement after independent investigation and without fraud, duress or undue influence.

**18.     Successors.** Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding upon the heirs, successors and assigns of the respective Parties to this Agreement.

**19.     No Assignments.** Each Party represents that the Party has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, the Party's rights in the Action or any interest therein, or any other interest in any claims or claims arising out of any of the matters which are the subject of the recitals herein.

**20.     Negotiated Agreement.** This Agreement and each of its terms constitutes a negotiated contract and not merely a recital and is the result of negotiation among the Parties. In interpreting this Agreement, there shall not be a presumption of interpretation against any Party, and each Party expressly waives the doctrine of contra preferendum.

**21.     No Admissions.** This Agreement is the result of a compromise among the Parties and nothing in this Agreement shall constitute an admission of liability by any Party with regard to the subject matter of the lawsuits and of this Agreement; or with respect to the composition or certification of a class or collective action under the Federal Rules of Civil Procedure, the FLSA, the PMWA, the WPCL, or any other applicable law.

**22.     Final Approval Not Obtained.** In the event that Final Approval is not obtained, nothing in this Agreement shall be deemed to waive Defendant's objections and defenses to

9

liability or to Plaintiff's entitlement to monetary or equitable relief, or any other issue in the Action, including, but not limited to, the propriety of class or collective action certification.

**23.     Duty to Defend**.  Plaintiff, Class Counsel and Defendant agree to abide by all of the terms of this Agreement in good faith, to fully support the Agreement and to defend the Agreement from any legal challenge, whether by appeal or collateral attack.

**24.     Warranty of Authority**.  Each of the signatories hereto warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the Party for whom he or she purports to sign it.

**25.     Evidentiary Privilege**.  This Agreement shall be deemed to fall within the protection afforded compromises and offers to compromise by Rule 408 of the Federal Rules of Evidence and Rule 408 of the Pennsylvania Rules of Evidence.

**26.     Applicable Law**.  This Agreement shall be governed by, interpreted under and construed and enforced in accordance with, the laws of the Commonwealth of Pennsylvania.

**27.     Further Actions**.  The Parties agree to do such further acts and things and to execute and deliver such additional agreements and instruments as the other may reasonably require to consummate, evidence or confirm the agreements contained herein in the manner contemplated hereby.  The Parties mutually agree to cooperate to ensure the expeditious approval and administration of this settlement.

**28.     Duty of Good Faith Performance**.  The Parties agree not to take any action which would interfere with the performance of this Agreement by any of the Parties hereto or which would adversely affect any of the rights provided for herein.

**29.     Severability**.  Whenever possible, each provision of the Agreement shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event after Final Approval thereof, any provision or term of the Agreement should be determined to be

or rendered unenforceable on collateral review, all other provisions and terms of the Agreement and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

**30.     No Third Party Beneficiaries**.  The Parties do not intend to confer any benefit hereunder on any person, firm or corporation other than the Parties hereto.

**31.     Written Modifications**.  As approved by the Court, this Agreement may not be modified in whole or in part except by an agreement in writing signed by all Parties, and executed in the same manner as this Agreement.

**32.     Execution**.  This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

**33.     Entire Agreement**.  This Agreement and the exhibits hereto embody the entire agreement and understanding of the Parties hereto in respect of the subject matter contained herein, and is a fully integrated contract.

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties hereby execute this Agreement on the dates indicated below.

Dated: _2-22-2013_ , 2013     _[signature]_
Plaintiff Gregory Stewart

Dated: _2-25-2013_ , 2013     _[signature]_
Class Counsel

Dated: _2/19/2013_ , 2013     _[signature]_
For  World Communications Charter School

Dated: _2/20/2013_ , 2013     _[signature]_
Defendant's Counsel

12

# EXHIBIT A

**EXHIBIT A**

| __Employee Name__ | __Gross Individual Settlement Amount__ |
|---|---|
| | |
| | |
| A Aikens | 122.48 |
| T Barnett | 153.60 |
| L Baxter | 4,668.29 |
| M Bazemore | 6.90 |
| J Brown | 7,173.86 |
| E Brunson | 2,583.53 |
| L Bryant | 138.65 |
| K Burton | 279.45 |
| C Coleman | 2,308.42 |
| L Crawford | 135.80 |
| J Dashields | 186.91 |
| L Fulks | 15.50 |
| L Gardner | 1,518.64 |
| J Hines | 22.50 |
| Y Jefferson | 508.27 |
| D Jenerette | 154.28 |
| R Mobley | 28.64 |
| C Nellons | 2,887.27 |
| K Roepel | 308.70 |
| E Spears | 443.93 |
| D Stevens | 1,593.35 |
| G Stewart | 1,455.60 |
| T Swicker | 71.20 |
| H Tucker | 46.94 |
| N Walker | 346.22 |
| T Walker | 75.00 |
| E Williamson | 18.32 |
| | |
| **Total** | 27,252.25 |

# EXHIBIT B

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GREGORY STEWART, on behalf of himself and others similarly situated, | : <br> : <br> : |
|  | :    2:12-cv-04993-RB |
| Plaintiff, | : |
| v. | : <br> : |
| WORLD COMMUNICATIONS CHARTER SCHOOL, | : <br> : |
| Defendant. | : <br> : |

## CLASS ACTION SETTLEMENT NOTICE

### TO: [*INSERT CLASS MEMBER'S NAME*]

**READ THIS DOCUMENT CAREFULLY. IT SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS UNDER THE SETTLEMENT.**

| **1.** | **Why did I get this notice?** |
|---|---|

The United States District Court for the Eastern District of Pennsylvania ("Court") presides over this lawsuit, which was filed in 2012 against World Communications Charter School ("Defendant"). The lawsuit was started by Gregory Stewart, a former employee. Mr. Stewart is referred to herein as the "Plaintiff."

In this Lawsuit, Plaintiff alleges that Defendant violated federal and state law by failing to pay certain hourly employees properly for overtime hours worked in excess of 40 during the workweek. The basis for Plaintiff's legal claim is more specifically described in Section 2 below.

This is a *class action* lawsuit. In a class action, the individual starting the lawsuit seeks to recover damages for himself as well as others who were subjected to the same alleged legal violation.

It already has been determined that you are a Class Member covered by this Lawsuit.

You are receiving this Notice because the lawsuit has been settled, and, under the settlement, you are entitled to a wage payment of $[*insert individual's payout amount*].

The settlement terms are summarized in Section 3 below. As a Class Member, you have a right to learn about the settlement. You also have the right to object to the settlement terms or to exclude yourself from the settlement. You will automatically be covered by the settlement **unless** you take affirmative steps to exclude yourself from the settlement by following the procedures described in Section 8 below.

| 2. | **What is the Lawsuit about?** |

Plaintiff alleges Defendant violated federal and state law by failing to pay certain hourly employees properly for overtime hours worked in excess of 40 during the workweek. Defendant allegedly paid these employees at their straight-time rate for overtime hours. According to Plaintiff, Defendant should have paid for overtime work based on an overtime pay rate calculated at 150% of the straight-time rate. For example, according to Plaintiff, an employee earning a straight-time rate of $10.00 per hour should have been compensated for his/her overtime hours a rate of $15.00 per hour.

Defendant vigorously denies that it violated the law.

Importantly, the Court has never decided whether Plaintiff or Defendant will win the Lawsuit.

Due to the statute of limitations period, you and other Class Members can only recover unpaid wages for the time period when you worked for Defendant *after August 28, 2008*.

| 3. | **What does the settlement provide?** |

Defendant has agreed to pay you and other Class Members the difference between (i) the pay actually received for overtime work performed after August 28, 2008 and (ii) the amount you would have received using the higher overtime pay rate sought be Plaintiff.

It already has been determined, based on an analysis of Defendant's timekeeping and payroll records, that you are entitled to a payment in the gross amount of $[*insert individual's payout amount*] under the settlement.

If the Court approves the settlement, your payment will be mailed or delivered to you in approximately [insert month] 2013. Under the tax laws, your settlement payment constitutes earned wages. Thus, your payment will be issued in the form of a payroll check subject to all ordinary payroll taxes and withholdings.

| 4. | **Why is there a settlement?** |

**The settlement is a compromise**. It allows the parties to avoid the costs and risks of further litigation and provides money to Class Members without significant delay. In

reaching a settlement, Defendant has not admitted that is violated any laws. In fact, Defendant denies that it violated any laws.

| 5. | How can I receive a settlement payment? |

*You do not need to do anything to receive a settlement payment*. Unless you exclude yourself from the settlement by following the procedure described in Section 8 below, you will receive a settlement payment.

| 6. | What do I give up by receiving a settlement payment? |

Unless you exclude yourself from the settlement by following the procedure described in Section 8 below, you will release all legal claims for unpaid overtime wages against Defendant and any of its officers, agents, or affiliates under any other federal, state, or local statute, regulation, or legal theory.

If you currently have a pending legal claim or lawsuit against Defendant or if you anticipate filing a future legal claim based on events that already have taken place, you should consult with your attorney about this settlement and the impact this release may have on your current or anticipated legal claims.

| 7. | Do I have a lawyer in this case? |

The Court has appointed the following law firm to represent you and other Class Members: **Winebrake & Santillo, LLC**, 715 Twining Road, Suite 211, Dresher, PA 19025. The Firm's phone number is (215) 884-2491.

The above law firm has represented Plaintiff since the beginning of this Lawsuit and negotiated the settlement described in this notice. Although this law firm has been appointed to represent you, nothing prohibits you from consulting with or retaining your own attorney at your own personal expense.

| 8. | How do I exclude myself from the settlement? |

If you do not want to participate in this settlement, you must take steps to exclude yourself.

To exclude yourself from the settlement, you must mail a letter stating that you wish to be excluded from the "World Communications Charter School Overtime Lawsuit." Be sure to include your name, address, and phone number in the letter. You are not required to provide a reason or explanation for you decision to exclude yourself. However, you are free to do so if you wish. You must sign the letter.

***To be valid, the exclusion request must be postmarked no later than [insert date] and must be mailed to:***

World Communications Overtime Settlement
c/o Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA  19025

You cannot exclude yourself by phone or by e-mail.

***If you ask to be excluded from the settlement, you will not receive any settlement payment, and you cannot object to the settlement.*** If you exclude yourself, you will not be legally bound by the settlement or the release of legal claims against Defendant.

| 9.     How will Plaintiffs' lawyers get paid? |
|---|

The law firm identified in Section 7 above has worked on the Lawsuit since August 2012 without receiving any payment for its time or expenses.  Under the settlement, the law firm will ask the Court for the payment of attorneys' fees and out-of-pocket expenses totaling $11,747.75.

The above payment, if approved by the Court, will be paid by Defendant.  You will not pay any attorney's fees or expenses out of your individual share of the settlement proceeds.

| 10.     How can I object to the settlement? |
|---|

You may object to the settlement if, for any reason, you believe it should not be approved by the Court.  The Court will consider your objections in deciding whether to approve the terms of the settlement.

To object to the settlement, you must prepare a letter stating that you object to the settlement in the "World Communications Charter School Overtime Lawsuit."  The letter must include your full name, address, telephone number, and signature, and it should state all the reasons why you object to the settlement.  You must sign the letter.

***To be valid, an objection must be postmarked no later than [insert date],
and must be mailed to:***

| Mark J. Gottesfeld, Esq. | and | Steven Ludwig, Esq. |
|---|---|---|
| Winebrake & Santillo, LLC | | Fox Rothschild, LLP |
| 715 Twining Road, Suite 211 | | 2000 Market Street, 20th Floor |
| Dresher, PA 19025 | | Philadelphia, PA 19103-3222 |

You cannot object by phone or by e-mail.

| **11.** | **When and where will the Court decide whether to approve the settlement?** |
|---|---|

The Judge overseeing this Lawsuit will hold a hearing to decide whether to approve the
settlement. ***You are not required or expected to attend that hearing.***
However, you are welcome to attend.

The Judge will hold the hearing on [*insert day*] at [*insert time*] in Courtroom ____ of the
United States District Courthouse, 601 Market Street, Philadelphia, Philadelphia, PA.
At the hearing, the Judge will consider whether the settlement is fair, reasonable, and
adequate. The Judge will consider all written objections and will be available to hear
from any individuals who have objected to the settlement by following the procedures
described in Section 10 above.

| **12.** | **How do I obtain more information?** |
|---|---|

This Notice summarizes the most important aspects of the proposed settlement. If you
have any questions or wish to get a copy of the entire settlement agreement as well as
the underlying court pleadings, you should telephone Winebrake & Santillo, LLC at
**(215) 884-2491** and ask for Attorney Mark Gottesfeld.